UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

FAYE STONE,

      Plaintiff,

v.

CMRE FINANCIAL SERVICES, INC.,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.      This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this District, Plaintiff resides in this District, and Defendant transacts business in this District.

### PARTIES

4.      Plaintiff Faye Stone ("Plaintiff") is a natural person who at all relevant times resided in the State of Florida, County of Palm Beach, and City of Boca Raton.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and by Fla. Stat. § 559.55(2).

6.      Defendant CMRE Financial Services, Inc. ("Defendant") is a corporation that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and by Fla. Stat. § 559.55(1).

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely, personal medical services (the "Debt").

10.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11.     In connection with the collection of the Debt, Defendant sent Plaintiff initial written communication dated January 17, 2012, and in such communication provided the notice required by 15 U.S.C. § 1692g(a) *et seq*. (See January 17, 2012 Correspondence, attached as Exhibit A).

12.     In or about January 2012, in connection with the collection of the Debt, Defendant also began placing calls to Plaintiff's residence.

13.     Plaintiff's counsel, Mr. Coleman, sent the original creditor, Boca Raton Regional Hospital, written communication dated February 17, 2012, and in such communication, stated in relevant part: "any further efforts with regard to collection should be directed to this office and not to Ms. Stone." (See February 17, 2012 Correspondence, attached as Exhibit B).

14.     Mr. Coleman also sent Defendant a copy of his February 17, 2012 correspondence to Boca Raton Regional Hospital.

15.     Upon information and good-faith belief, Defendant received Mr. Coleman's February 17, 2012 correspondence in or about February 24, 2012.

16.     Despite its knowledge that Plaintiff was represented by counsel, Defendant placed calls to Plaintiff's residence, including, but not limited to, the following dates and times:

- March 2, 2012;
- April 20, 2012;
- May 3, 2012;
- May 24, 2012;
- June 1, 2012; and
- June 28, 2012.

17.     During several of the above-referenced calls, Plaintiff repeatedly demanded that Defendant cease and desist from placing any further calls to Plaintiff, and for Defendant to contact Plaintiff's counsel, Mr. Coleman.

18.     Defendant placed calls with the intent to harass Plaintiff by continuing to call despite Plaintiff's repeated cease and desist demands, and despite its knowledge that Plaintiff was represented by counsel.

19.     Despite its knowledge that Plaintiff was represented by counsel, Defendant sent written communication dated April 17, 2012 directly to Plaintiff, and in such communication, demanded payment. (See April 17, 2012 Correspondence, attached as Exhibit C).

20.     Plaintiff's counsel did not consent to any direct communication with Plaintiff.

3

21.     At no time did Plaintiff's counsel fail to respond within a reasonable period of time to a communication from Defendant.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(a)(2)**

22.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

23.     Defendant 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to an initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)   Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692d**

24.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

25.     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692d;

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d(5)

26.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

27.     Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff by continuing to call Plaintiff subsequent to Plaintiff's requests and Plaintiff's attorney's request to cease communication with Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF FLA. STAT. § 559.72(7)

28.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

29.     Defendant violated Fla. Stat. § 559.72(7) by willfully communicating with Plaintiff, or any member of Plaintiff's family, with such frequency as would reasonably be expected to harass Plaintiff, or Plaintiff's family, or willfully engaging in such other conduct reasonably expected to abuse or harass Plaintiff or any member of Plaintiff's family.

30.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff Faye Stone by and through her attorneys, respectfully prays for judgment as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiff's attorneys' fees and costs; and

e) Any other relief deemed appropriate by this Honorable Court.

## COUNT V
## VIOLATION OF FLA. STAT. § 559.72(18)

31.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

32.     Defendant violated Fla. Stat. § 559.72(18) by communicating with Plaintiff when the person knows that Plaintiff is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless Plaintiff's attorney fails to respond within 30 days to a communication from the person, unless Plaintiff's attorney consents to a direct communication with Plaintiff, or unless Plaintiff initiates the communication.

33.     As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff Faye Stone by and through her attorneys, respectfully prays for judgment as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiff's attorneys' fees and costs; and

e) Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

34.     Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted this 10th day of December, 2012.


                                           Respectfully submitted,
                                           **FAYE STONE**


                                           By: s/ Alex D. Weisberg
                                           ALEX D. WEISBERG
                                           FBN: 0566551
                                           WEISBERG & MEYERS, LLC
                                           ATTORNEYS FOR PLAINTIFF
                                           5722 S. Flamingo Rd, Ste. 656
                                           Cooper City, FL 33330
                                           (954) 212-2184
                                           (866) 577-0963 fax
                                           aweisberg@attorneysforconsumers.com